## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern District)

| | |
|---|---|
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY COMPANY t/u/o and as subrogee of, Anthony Gallina and Patricia Gallina One Tower Square Hartford, Connecticut 06183 | * * * * |
| Plaintiff | * CASE NO.: |
| v. | |
| MONTES MECHANICAL, INC. 1201 Orange Street Suite 600 Wilmington, DE 13899 | * * * |
| Serve On: Carlos Montes 5612 Lanham Station Road Lanham, MD 20706 | * * |
| and | * |
| CARLOS MONTES 5612 Lanham Station Road Lanham, MD 20706 | * * |
| and | * |
| SAUL E. MAJALCA DBA Majalca Consctruction 2152 Collingwood Lane Frederick, MD 21702 | * * * |
| Defendants | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Now comes Plaintiff, The Travelers Home and Marine Insurance Company, by and through its attorneys, Stephen R. Robinson and the Law Offices of Joseph M.

Jagielski, and hereby sues Defendants, Carlos Montes, Montes Mechanical, Inc. and Saul E. Majalca DBA Majalca Construction, and in support thereof states as follows:

## THE PARTIES

1. Plaintiff, The Travelers Home and Marine Insurance Company (hereafter "Travelers"), was and is a corporation organized and existing under the laws of the State of Connecticut, having a principle place of business located at One Tower Square, Hartford, Connecticut 06183.

2. Plaintiff, Travelers, was at all times material hereto authorized to issue policies of insurance in the State of Maryland.

3. That Defendant, Carlos Montes (hereafter "Montes") is a resident of the State of Maryland.

4. That, at all times relevant hereto, Montes was operating a contracting business which provided plumbing amongst other services.

5. That Defendant, Montes Mechanical, Inc. (hereinafter "Montes Mechanical") is a Delaware corporation with its principal place of business in Delaware.

6. That, at all times relevant hereto, Montes Mechanical was operating a contracting business which provided plumbing amongst other services.

7. Defendant, Saul E. Majalca (hereinafter "Majalca") is a resident of Maryland.

8. That, at all times relevant hereto, Majalca, under the name of Majalca Construction, was operating a contracting business which provided plumbing amongst other services.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because of complete diversity of citizenship and the amount in controversy exceeds $75,000.

10. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the acts and/or omissions giving rise to the claims asserted in this action occurred in this district and because the Defendants reside in this district.

## FACTS COMMON TO ALL COUNTS

11. At all times pertinent hereto, Travelers provided insurance for Anthony Gallina and Patricia Gallina (hereafter "the Gallina's") for their residential property located at 7311 Burdette Court, Bethesda, Maryland 20817 (hereafter "Burdette Court").

12. Sometime between 2010 and 2012, Anthony Gallina entered into a contract with Majalca to perform work, including plumbing, at Burdette Court. Majalca, in turn, brought in Montes and Montes Mechanical to obtain the required permits and to perform the final inspection and to perform plumbing work at Burdette Court.

13. Either Majalca, Montes or Montes Mechanical installed a 90 degree turn (hereafter "elbow") in a line.

14. On September 3, 2016, a leak was discovered at Burdette Court causing damage to the building and its contents.

15. Upon investigation, it was learned that the source of the leak was the aforementioned elbow and that it had cracked due to over tightening when it was installed.

16. Pursuant to the said contract of insurance, as a result of the damage to the subject premises and its contents, Travelers made payments to and on behalf of the

Gallina's in an amount totaling One Hundred Eighty Five Thousand One Hundred Eighty Dollars and 75 cents ($185,180.75). Accordingly, Travelers attained a subrogation interest against the Defendants.

17. That Defendants had a duty to install the plumbing lines, including the elbow, in a workmanlike and safe manner.

18. That Defendants failed in their duty to install the plumbing lines, including the elbow, in a workmanlike manner, and in a reasonably safe manner.

19. Defendants' negligence was the sole and proximate cause of the damages sustained by the Gallina's without any negligence on the part of the Gallina's.

WHEREFORE, Plaintiff, The Standard Fire Insurance Company, claims damages against the Defendants in the amount of One Hundred Eighty Five Thousand One Hundred Eighty Dollars and 75 cents ($185,180.75).

/s/ Stephen R. Robinson
Stephen R. Robinson, Esquire
Law Offices of Joseph M. Jagielski
7 St. Paul Street
Wachovia Building – Suite 1250
Baltimore, Maryland 21202
(443) 353-2315 phone
Srrobin2@travelers.com
*Attorney for the Plaintiff*